RAMIREZ, J.
(dissenting).
I dissent, based upon Lee v. State, 873 So.2d 582 (Fla. 3d DCA 2004), which remains binding precedent and should control the outcome in this case. In Lee, the detective testified that the victim “was a credible witness.” The defense objected to the introduction of this testimony and moved to strike the testimony. The trial court overruled the objection. This Court concluded the police detective’s response served to bolster the-victim’s credibility, and the admission of the testimony constituted reversible error.
In this case, the State elicited testimony regarding the officer’s impressions of his interactions with the crime victim, even though such testimony was not necessary. The issue at trial was not whether the police officer made a proper decision when he charged the defendant. The issue was whether the victim correctly identified Cherisma as the perpetrator. The victim testified regarding her identification of those she believed robbed her, and she was cross-examined regarding the specifics of her identification. The jury, not anyone else, was responsible for evaluating her credibility.
Consequently, the testimony from a law enforcement witness that discrepancies would not have altered the officer’s decision to arrest the defendant had no probative value except to vouch for the credibility of the victim. The alleged inconsistencies were already before the jury through both the victim’s testimony and the officer’s testimony regarding the circumstances of the arrest. Like the victim, the officer’s purpose in testifying was to relate facts and recollections, but not evaluate the credibility of the evidence. Credibility determinations are for the jury. I do not see how the majority can state that the testimony “was elicited in rebuttal to the defense suggestion on cross-examination that the victim was an unreliable witness,” yet conclude that it “did not amount to vouching,” as these facts suggest no other purpose for such a rebuttal.
For these reasons, I dissent.